Scott, J.
When this action was brought in the court of common pleas of Richland county, the plaintiff obtained a provisional injunction from a judge of that court, which, on motion of the defendant, Hurd, was subsequently dissolved by an interlocutory order of the court. From this interlocutory order the plaintiff appealed to the district court.
Such an appeal appears to be expressly authorized by section 5> of the “ act to relieve the district courts,” etc. S. & C. Stat. 1157 sec. 694 of code.
*The effect of such appeal clearly is to vacate or suspend the effect of the order or decree appealed from, till the matter is heard in the appellate court. Heirs of Ludlow v. Kidd’s Ex’rs, 3 Ohio, 547, 548; Teaff v. Hewitt, 1 Ohio St. 519.
In virtue of the appeal in this case, then, the provisional injunction remains in full force, and the defendant, Hurd, now applies tome, as a judge of the Supreme Court, asking that it may be dissolved. If I grant this motion I thereby decide the very question which is pending in the district court, and the sole question brought by the appeal before that court. Does the statute purport to confer such a jurisdiction on a judge of this court? It may well be doubted whether section 250 of the code, as amended April 15,1857, was intended to confer any such power. The terms of that section seem to indicate an intention to provide only for a case in which the temporary or provisional injunction has not been dissolved by order of the court in which the action w:as brought; and they give,, to the order of the judge dissolving it, the same validity and effect as though it had been made by the court in which the action was brought. But here, the injunction has already been dissolved by the court of common pleas in which the action was brought, and from the order dissolving it an appeal has been taken to the district court. If it can be again dissolved by a judge of this court, or of the court of common pleas, the benefit of the appeal to the full district court would seem to be lost.
But waiving all questions of this kind, and assuming, for the purposes of this application, that the statute clearly confers the power in question, if under the constitution it can be conferred, it remains to inquire whether the general assembly can confer on a judge of this court jurisdiction to dissolve an injunction in a cause pending in another court. On this grave question I have thought it quite proper to avail myself of the counsel and advice of my brethren,, *135 tbe other members of this court, and now proceed to state the conclusion at which, after argument, and upon full consideration, we-have arrived.
It is claimed that the 18th section of the 4th article of the constitution authorizes the legislature to confer upon a single *judge of this court the jurisdiction, the exercise of which is now invoked. That section reads thus:
“The several judges of the Supreme Court, of the common pleas, and of such other courts as maybe created, shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise,. as may be directed by law.”
This section divides the powers which may be conferred by law on the several judges into two classes; according as its subject-matter makes it a jurisdiction to be exercised “ at chambers,” or, to be exercised “ otherwise.”
The phrase “ at chambers ” is a technical one. The term “ chambers ” is thus defined by Burrill: “The office or private rooms of a judge, where parties are heard and orders made, in matters not requiring to be brought before the full court, and where costs are taxed, judgments signed, and similar business transacted.” Bur-rill’s L. Die. And thus by Bouvier: “When a judge decides some interlocutory matter, which has arisen in the course of the cause, out of court, he is said to make such decision at his chambers.” Bouvier’s L. Die.
This phrase, as used in the constitution, is to be understood in this, its ordinary sense. And we are clearly of opinion that the jurisdiction now invoked, and which is supposed to have been conferred by statute, is one to be. exercised, if at all, “ at chambers.” For, a single judge of this court is asked, out of court, to dissolve an injunction now subsisting in a cause still pending in the court of common pleas. An order thus made, out of court, in a cause pending in a court, is, ex vi termini, the exercise of jurisdiction “ at chambers,” and not “otherwise.” Now, the provision of the constitution is, that the several judges of this court shall have and exercise such power and jurisdiction at chambers as may be directed by law; and the question arises, whether a capacity is thereby conferred on the members of this court to receive at the hands of the legislature a chamber jurisdiction in causes pending in other courts, of which the judges of this court are not members. We all concur in answering this question in the negative. Jurisdiction at cham *136 bers is incidental to, and grows ont of the jurisdiction of the court itself. It is the *power to hear and determine, out of court, such questions arising between the parties to a controversy, as might well be determined by the court itself, but which the legislature has seen fit to intrust to the judgment of a single judge, out of court, without requiring them to be brought before the court in actual session. It follows, that the jurisdiction of a judge at chambers can not go beyond the jurisdiction of the court to which he belongs, or extend to matters with which his court has nothing to do. And the constitution, in granting such jurisdiction at chambers to the judges of the several courts of the state as may be directed by law, is to be understood as limiting the jurisdiction of each to such subject matters as are within the jurisdiction of his proper court, and to which it is, ex vi termini, limited.
It is settled that the power to grant an injunction in a cause pending in another court, can not, under the constitution, be conferred upon this court. Kent v. Mehaffy, 2 Ohio St. 498. This is because the granting of such injunction would be the exercise of an original jurisdiction not conferred on this court by the constitution. And for the same reason, the power to dissolve an injunction in-a cause pending in another court can not be conferred upon this court. Whilst a cause is pending in the court in which it is brought, the granting and the dissolving of a provisional injunction therein, are equally acts of original injunction. Indeed, it is not claimed by counsel, that this court could make the order which is here asked from one of its judges. We are of opinion, therefore, that the constitution does not authorize a jurisdiction to be conferred upon or exercised by a judge of this court, at chambers, which is clearly withheld from the court itself.
The application must be dismissed for want of jurisdiction.
Day, C. J., and White, Welch, and Brinkerhoee, JJ., concurred.